## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

STEWART ABRAMSON and MARK )
FITZHENRY, individually and on behalf of )
a class of all persons and entities similarly )
situated, )

       Plaintiffs, )

v. )

GOHEALTH, LLC and QUOGEN, LLC, )

       Defendants. )

Civil Action No.: 1:19-cv-06318

(Pending in the Unites States District Court
for the Northern District of Illinois)

### NON-PARTY IDEAL HEALTH BENEFITS, LLC'S MOTION
### TO QUASH SUBPOENA TO PRODUCE DOCUMENTS
### AND INCORPORATED MEMORANDUM OF LAW
**(Rule 7.1 Certificate Attached)**

Non-Party Ideal Health Benefits, LLC, (hereinafter "Ideal Health"), through its undersigned counsel, respectfully requests this Honorable Court to enter an order quashing the subpoena to produce documents in Civil Action Co. 1:19-cv-06318, *Ambramson, et al. v. GoHealth, LLC, et al.*, United States District Court for the Northern District of Illinois (the "Illinois Action"), pursuant to Federal Rule of Civil Procedure 45, and as grounds states as follows:

### INTRODUCTION

Ideal Health is an insurance agency located in Sunrise, Florida. In the Illinois Action, plaintiffs have sued GoHealth, LLC ("GoHealth"), alleging they received robocalls from GoHealth in violation of the Telephone Consumer Protection Act ("TCPA"), among other statutes. Plaintiffs' (unsubstantiated) theory appears to be that third-party businesses and vendors have assisted in or facilitated GoHealth's alleged violations of the TCPA.

1

Attempting to fish for evidence that might link Ideal Health to GoHealth and their alleged violations of the TCPA, plaintiffs have served a breathtakingly broad and burdensome subpoena on non-party Ideal Health, issued in the Illinois Action, which subpoena is attached as Exhibit A to this motion (the "Subpoena").[1] The Subpoena seeks an extensive variety and amount of documents relating in any way to GoHealth, including detailed call logs and procedures dating back over four years, internal manuals and policies, correspondence, voluminous website content, communications with governments, text messages, and internal communications, among other things. Notably, on information and belief, plaintiffs in the Illinois Action have not yet sought and/or obtained this information from GoHealth itself. Instead, they have chosen to attempt to burden Ideal Health, a non-party, with an onerous and objectionable Subpoena.

Ideal Health moves to quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv) because the Subpoena is overly broad and voluminous, causing Ideal Health to be unduly burdened. In addition, plaintiffs should first be required to seek documents related to GoHealth from GoHealth itself, a defendant in the Illinois Action, before seeking such documents from a non-party like Ideal Health through subpoena.

## PROCEDURAL BACKGROUND

Plaintiffs filed their Illinois Action on September 23, 2019 against GoHealth and QuoGen, LLC ("QuoGen"). *See* docket of Illinois Action, attached hereto as Exhibit B. After GoHealth moved to dismiss, plaintiffs filed a first amended complaint on October 30, 2019, and then a second amended complaint on January 28, 2020. GoHealth answered the second amended complaint on February 11, 2020, and QuoGen answered on February 21, 2020, only five days

---

[1] The Subpoena contains the wrong civil action number.

ago. On information and belief, plaintiffs have not yet sought or obtained any discovery at all from GoHealth or QuoGen, the defendants in the Illinois Action.

The Subpoena is dated December 28, 2019, and was served on Ideal Health on January 7, 2020. *See* Exh. A. This was well before the operative pleading, the second amended complaint, was even filed by the plaintiffs and answered by the defendants in the Illinois Action. The undersigned obtained enlargements of time to respond to the Subpoena from counsel for plaintiffs. Ideal Health eventually produced a handful of documents on February 24, 2020 that Ideal Health believed were narrowly focused and tailored to the allegations as framed by the plaintiffs in the Illinois Action, and which should have satisfied plaintiffs pending further discovery from the actual parties in the Illinois Action. Instead, the plaintiffs in the Illinois Action indicated that they would expect additional documents from Ideal Health as per the sweeping terms of the Subpoena, prompting Ideal Health to file this motion to quash.

## ARGUMENT

## I.    The Southern District of Florida has jurisdiction over the motion to quash.

This Court has jurisdiction over Ideal Health's Motion to Quash the Subpoena under Fed. R. Civ. P. 45(d), which addresses protecting a person subject to a subpoena and enforcement of subpoenas. The rule states that "the court for the district where compliance is required" shall quash the subpoena on timely motion if it subjects the movant "to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Additionally, the rule provides that the party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and that the "court for the district where compliance is required must enforce this duty … on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

Here, the Subpoena directs Ideal Health to provide documents either electronically to plaintiffs' attorney, or physically to a location in West Palm Beach, Florida. Either way, compliance by Ideal Health would be performed in the Southern District of Florida. Therefore, since Ideal Health is located outside of the issuing court's jurisdiction, this motion is properly filed in the Southern District of Florida, the court for the district where its compliance would be required.

## II. The Court should quash the Subpoena as it imposes an undue burden on Ideal Health.

Plaintiffs in the Illinois Action have cast their discovery net far too wide in seeking to obtain an enormous number of documents from non-party Ideal Health having to do with GoHealth, a defendant in the Illinois Action. The overly broad Subpoena places an undue burden on Ideal Health, and should be quashed since the plaintiffs can easily obtain the same information from GoHealth that it seeks from Ideal Health.

Rule 45 of the Federal Rules of Civil Procedure places responsibility on the party issuing the subpoena to take "reasonable steps to avoid imposing undue burden" on a non-party, and permits a district court to quash the subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d); *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 521 (N.D. Fla. 2013). Although Rule 45 does not identify irrelevance or overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26, which does include such considerations. *Coleman v. Lennar Corporation*, 2018 U.S. Dist. Lexis 214354 (S.D. Fla. 2018).

Among the factors this Court should consider in deciding whether to quash this subpoena is the "relevance of the information requested," the "need of the party" for the information

4

requested, and "the burden imposed" on the non-party. *Queen v. State Farm Mut. Ins. Co.*, 2019 U.S. Dist. LEXIS 132391, at *5 (S.D. Fla. Aug. 7, 2019). "In balancing the need for discovery against the burden imposed on the person from whom documents are sought, the status of a person as a non-party is a factor that weights against disclosure." *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (citation omitted); *see also Ameritox, Ltd. v. Millennium Labs., Inc.*, 2012 U.S. Dist. LEXIS 177809, at *7 (N.D. Ill. Dec. 14, 2012) ("[N]on-parties, are entitled to greater protection in the discovery process than parties in the litigation."). As part of this inquiry, this Court has "broad, but not unlimited, discretion in evaluating the circumstances of a case when considering quashing a subpoena on grounds of oppressiveness." *Queen*, 2019 U.S. Dist. LEXIS 132391, at *5.

Here, this Court should quash the Subpoena served on Ideal Health because it imposes a significant burden by seeking a voluminous number of documents (many of which are irrelevant), which could just as easily be obtained from GoHealth, a defendant in the Illinois Action. The Subpoena contains eleven separate document requests, with numerous subparts, reminiscent of production requests that would be issued to a party to a litigation, and not a non-party like Ideal Health. *See* Exh. A. The first request contained in the Subpoena is representative of its overbreadth and burdensome nature. That request seeks all documents reflecting any call or attempted call that Ideal Health may have made on behalf of GoHealth going back over four years in time, and for each such call seeking detailed information about the parties to each call, the dates and times of each call, the substance of each call, technical aspects of each call, and any authorizations related to each call. This request alone represents an unduly burdensome and overbroad discovery request from a non-party like Ideal Health. This is particularly so where most of the documents being sought appear to be well outside the scope of the allegations

contained in the plaintiffs' second amended complaint, which focuses on a small handful of specific phone calls made to two individuals from late 2018 to early 2020. *See id.*

The remaining ten requests contained in the Subpoena contain similarly voluminous document demands, such as: internal and external communications and correspondence; policy manuals; historic website pages, architectural design, archives and information (including drafts); marketing and search engine optimization information; legal demand letters, complaints and enforcement actions related to GoHealth; and internal emails, calendars, text messages, meeting notes, and voicemails concerning the Illinois Action, the parties to the Illinois Action, and various other non-parties to the Illinois Action. *See id.* The Subpoena also requests not only all of such hard copy documents that Ideal Health might find, but also demands that Ideal Health recover and produce electronically stored information (ESI) as well. *See id.* The Subpoena asks for irrelevant documents that fall well outside the scope of the plaintiffs' second amended complaint, is shockingly overbroad, and imposes a massive burden on Ideal Health. It therefore must be quashed. *See, e.g.*, *Trigeant Ltd. v. Petroleos De Venez., S.A.*, 2009 U.S. Dist. LEXIS 134786, *12 (S.D. Fla. Apr. 29, 2009) (quashing a subpoena issued to a non-party requesting voluminous and overbroad discovery after a "showing of undue burden … and the availability of documents from other sources").

Further support for quashing the Subpoena is that all of the information sought by the Subpoena can be more easily and less oppressively obtained from another source – the defendants themselves in the Illinois Action. A non-party subpoena should be quashed if the information sought by the subpoena is "obtainable from some other source that is more convenient and less burdensome." *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008). On its face, all of the information sought by the Subpoena relates to

GoHealth or QuoGen, and can and should be obtained from ***those very defendants themselves*** through normal discovery procedures in the Illinois Action. Indeed, the Illinois Action is at such an early stage that the plaintiffs have not even sought such discovery from the defendants there, raising the question as to why the plaintiffs would first seek to impose such a heavy burden on a non-party like Ideal Health before conducting normal discovery in the Illinois Action. There is no need to harass and burden Ideal Health, a non-party, to secure this information. *See, e.g.*, *Ameritox*, 2012 U.S. Dist. LEXIS 177809, at \*7-\*8 (quashing subpoena where party issuing subpoena sought "essentially duplicative documents" from non-parties that it had previously sought from parties, and the information sought from the non-parties was "certainly more readily available" from the parties).

There are numerous cases both in Florida and elsewhere indicating that a subpoena seeking documents from a non-party imposes an undue burden where the documents sought can be obtained from the parties to the litigation, and only if such normal discovery is unavailing should non-party subpoenas be employed. Thus, in *Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 U.S. Dist. LEXIS 152073 (S.D.N.Y. Sep. 6, 2019), the Southern District of New York recently quashed a subpoena issued to a non-party as overly burdensome under Rule 45. The court there held that even if the non-party (HWK) had relevant information, the subpoena should still be quashed because the subpoena imposed "an undue burden on HWK" because the same information was available from another source. *Id.* at \*6. Observing that "[t]his Court may limit discovery if the party seeking discovery has ample opportunity to obtain the information by discovery in the action," the court concluded that "[t]o the extent that [plaintiff] seeks 'Defendants' representations to HKW,' [plaintiff] can obtain that information from Defendants in the underlying action." *Id.*

Similarly, here, to the extent that the plaintiffs seek voluminous documents and information regarding GoHealth's interactions with Ideal Health, Alcon should seek such information from GoHealth in the first instance, and not from non-party Ideal Health at the preliminary stage of the Illinois Action. The subpoena is unnecessary, burdensome and harassing, and should be quashed. *See Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774, at *11-12 (M.D. Fla. June 6, 2006) (quashing subpoena and holding that "in an effort to spare third parties the expense and cost of responding to the subpoenas, the Court finds that Defendant ought to first attempt to obtain such evidence directly from Plaintiff pursuant to other available avenues under the Federal Rules of Civil Procedure"); *Tresóna Multimedia, LLC v. Legg*, 2015 U.S. Dist. LEXIS 107723, at *11 (N.D. Ill. Aug. 17, 2015) (holding that subpoena to non-party seeking information exchanged between party issuing subpoena and opposing party in underlying litigation should be quashed because party issuing subpoena "should have its own communications" and it could (and should) also seek discovery from the defendants themselves); *Burlodge Ltd. v. Standex Int'l Corp. (In re Motion to Compel Compliance)*, 257 F.R.D. 12, 19 (D.D.C. 2009) (quashing subpoena and holding that "[u]ntil Burlodge at least makes the effort [to seek the information from the opposing party] and fails for some reason not attributable to its own fault, this Court cannot possibly determine whether any subpoena to [the non-party], no matter how limited, is still unduly burdensome because the information sought can be obtained from some other source that is more convenient, less burdensome, or less expensive.") (citation omitted).

The Subpoena clearly places an undue burden on this non-party by requesting numerous documents that could just as easily (and should) be obtained from the parties in the Illinois Action. Under these circumstances, Ideal Health has shown an entitlement to relief pursuant to

8

Fed. R. Civ. P. 45(d)(a). Accordingly, Ideal Health respectfully requests that this Court quash the Subpoena.

## CONCLUSION

The Subpoena should be quashed as it seeks voluminous documents and information from Ideal Health, a non-party, which can much less intrusively be obtained from defendants in the Illinois Action. The Subpoena is outrageously overbroad and places an undue burden on Ideal Health, particularly where the plaintiffs have yet to seek any discovery from the defendants themselves. This Court should therefore grant Ideal Health's motion to quash.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that I have made reasonable efforts to confer with Anthony Paronich, Esq. of Paronich Law, P.C., 350 Lincoln Street, Suite 2400, Hingham, MA, the attorney who issued the Subpoena, but I have been unable to do so. I have been in continuous contact with Mr. Paronich by email and telephone over the past two to three weeks, obtaining an enlargement of time to respond to the Subpoena, and providing several discrete documents to Mr. Paronich. This production did not satisfy Mr. Paronich, however, based on email correspondence with him dated February 24, 2020. Understanding that Mr. Paronich would be insisting on full compliance with the Subpoena as issued, I have proceeded to file this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Court on this 26th day of February, 2020 using the CM/ECF system and a copy has been served upon the parties and participants listed below via email.

/s/ Todd I. Stone
Todd I. Stone
The Stone Law Group
101 NE Third Avenue, Suite 1250
Fort Lauderdale, FL 33301
(954) 804-9454 (telephone)
Florida Bar No. 947970
tstone@tislaw.net
*Attorney for Ideal Health Benefits, LLC*

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@parnonichlaw.com
*Counsel for Stewart Abramson and Mark Fitzhenry*

Brian K. Murphy, Esq.
Jonathan P. Misny, Esq.
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
murphy@mmmb.com
misny@mmmb.com
*Counsel for Stewart Abramson and Mark Fitzhenry*

Lauren. E. Urban, Esq.
2425 N. Spaulding Ave., Floor 2
Chicago, IL 60647
lauren.elizabeth.snyder@gmail.com
*Counsel for Stewart Abramson and Mark Fitzhenry*

Martin Wojslaw Jaszczuk
Margaret Marcia Schuchardt
Seth Corthell
JASZCZUK P.C.
311 South Wacker Drive, Suite 3200

Chicago, IL 60606
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
scorthell@jaszczuk.com
*Counsel for GoHealth, LLC*

Justin Elenburg
1412 N. Pasadena
Mesa, AZ 85201
justinelenburg@gmail.com
*Pro Se, on behalf of QuoGen*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| ABRAMSON, ET. AL. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:19-cv-01407 |
| | ) |
| GOHEALTH, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Ideal Health, 4300 N. University Drive, E103 Sunrise, FL 33351

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Schedule A.

| Place: ELECTRONICALLY TO THE UNDERSIGNED COUNSEL or to 24 Process LLC, West Palm Beach, FL | Date and Time: 01/22/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/28/2019

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Anthony I. Paronich |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

Plaintiffs                                                        , who issues or requests this subpoena, are:

Paronich Law, P.C.,350 Lincoln Street, Suite 2400, Hingham, MA 02043, anthony@paronichlaw.com, (508) 221-1510

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### INSTRUCTIONS

1.   You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2.   Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a format compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format. File fidelity and resolution should not be downgraded; for instance, electronic files should not be printed and then scanned.

### DEFINITIONS

1.      When used in these Requests, "Defendant" means GoHealth, LLC, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2.      When used in these Requests, "you" or "your" (or synonyms thereof) means Ideal Health, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

### REQUESTS

**Request No. 1:** All documents reflecting any call (including attempted call) made by you for the Defendant, or to generate leads for Defendant (even if Defendant was not the exclusive buyer or beneficiary of said leads), or that could have generated a lead for the Defendant, since January 1, 2017. A complete answer will include at least the following:

> a.  Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);
>
> b.  Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.);

336354

    c.  All responses to the call, whether by live voice, IVR, SMS or otherwise;

    d.  Information identifying the dialer and equipment used, including identification of the equipment and software used to make the call and any third party involved (e.g., Guaranteed Contacts, Aspect, Avaya, Soundbite, Five9, Vicidial, Lead Science, Ytel), the location for call origination, the dialer and the dialer's capacities; and

    e.  Any documents showing the prior express consent of the called party to be called.

**Request No. 2:** All correspondence, manuals and ESI regarding the capacity of the dialing system used to transmit outbound telephone calls identified in response to Request No. 1.

**Request No. 3:** Documents that identify any recorded message (including but not limited to the audio files of any such messages), the dialing mode or option the dialing system was in when it made each of the calls identified in response to Request No. 1.

**Request No. 4:** All documents and communications reflecting your process for obtaining phone numbers to (1) sell to Defendant or (2) call in order to transfer a call, lead or prospect to Defendant.

**Request No. 5:** To the extent you claim that your company obtained permission for automated calls concerning Defendant, produce all documents that identify:

    A.    Any signed writings evidencing that permission;

    B.    As it relates to any website visits that you assert are being used in place of signed writings:

        i.    All documents that evidence a clear and conspicuous statement that informed consumers of their right to withdraw their consent to receive telemarketing calls;

        ii.    All documents that evidence a clear and conspicuous statement that informed consumers of the procedures they must use to withdraw consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

2

**Request No. 6:** To the extent you claim that your company obtained permission for automated calls concerning Defendant via websites:

       A.     Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

       B.     For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact any putative class member with telemarketing calls.

       C.     For any website identified in response to the prior request, produce all architectural diagrams, wireframes and application mockups.

       D.     Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer.

       E.     Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

       F.     Produce all documents that identify any vendor or company used for any website responsive to these requests that is used by that website or its owner or operator for visitor traffic reporting. This includes but is not limited to any SEO or internet marketing consultants.

       D.     Produce all documents that identify the bandwidth usage for any website responsive to these requests during the during the period you claim visits to or actions on that website constituted consent or permission to contact any putative class member with telemarketing calls.

       E.     Produce documents that identify the website host(s) for any website responsive any of the foregoing and the dates each host was active for each respective website.

       F.     If any documents responsive to the requests in this Schedule A are in the hands of third parties, produce documents that identify those third parties

**Request No. 7:** All documents relating to legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations sent to you in any way relating to allegations of unlawful telemarketing relating to the Defendant during the period beginning four years before the filing of the original complaint in this matter and continuing to the present. This includes all complaints, as well as all responses to and investigations into the same.

**Request No. 8:** All documents relating to either of the plaintiffs in this case.

**Request No. 9:** All internal communications, including emails, slideshows, word processing documents, text messages, calendar entries, meeting notes, voicemails and Skype logs, concerning Defendant.

**Request No. 10:** All internal communications, including emails, slideshows, word processing documents, text messages, calendar entries, meeting notes, voicemails and Skype logs, concerning Peak Advertising, QuoGen or ICAN Investment Group.

**Request No. 11:** Communications with any third party concerning the litigation captioned on the subpoena.

4

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 6.3.2 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:19-cv-06318

itzhenry v. GOHEALTH, LLC
.ssigned to: Honorable Edmond E. Chang
)emand: $9,999,000
`ause: 47:227 Restrictions of Use of Telephone Equipment

Date Filed: 09/23/2019
Jury Demand: Both
Nature of Suit: 485 Telephone Consumer
Protection Act (TCPA)
Jurisdiction: Federal Question

**laintiff**

**1ark Fitzhenry**

represented by **Anthony Paronich**
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
Email: anthony@paronichlaw.com
*ATTORNEY TO BE NOTICED*

**Jonathan Patrick Misny**
Murray Murphy Moul Basil Llp
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
Email: misny@mmmb.com
*ATTORNEY TO BE NOTICED*

**Lauren E. Urban**
Attorney At Law
2425 N. Spaulding Ave.
Floor 2
Chicago, IL 60647
(419) 344-1146
Email: lauren.elizabeth.snyder@gmail.com
*ATTORNEY TO BE NOTICED*

**Brian Kevin Murphy**
Murray Murphy Moul Basil LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
Email: murphy@mmmb.com
*ATTORNEY TO BE NOTICED*

**laintiff**

**tewart Abramson**
*idividually and on behalf of a class of all*
*ersons and entities similarly situated*

represented by **Anthony Paronich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brian Kevin Murphy**
(See above for address)
*ATTORNEY TO BE NOTICED*

Defendant

;OHEALTH, LLC

represented by **Margaret Marcia Schuchardt**
Jaszczuk P.C.
311 South Wacker Drive
Suite 3200
Chicago, IL 60606
(312) 442-0509
Email: mschuchardt@jaszczuk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martin Wojslaw Jaszczuk**
Jaszczuk, P.C.
311 South Wacker Dr.
Suite 3200
Chicago, IL 60606
(312) 442-0509
Email: mjaszczuk@jaszczuk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth Corthell**
Jaszczuk P.c.
311 S. Wacker Dr.
3200
Chicago, IL 60606
(312) 442-0401
Email: scorthell@jaszczuk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Defendant

)UOGEN, LLC

Defendant

ustin Elenburg

represented by **Justin Elenburg**
1412 N. Pasadena
Mesa, AZ 85201
(480) 226-3475
Email: Justinelenburg@gmail.com
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2019 | 1 | COMPLAINT *Class Action Complaint* filed by Mark Fitzhenry; Jury Demand. Filing fee $ 400, receipt number 0752-16261330.(Murphy, Brian) (Entered: 09/23/2019) |
| 09/23/2019 | 2 | CIVIL Cover Sheet (Murphy, Brian) (Entered: 09/23/2019) |
| 09/23/2019 | 3 | ATTORNEY Appearance for Plaintiff Mark Fitzhenry by Brian Kevin Murphy (Murphy, Brian) (Entered: 09/23/2019) |
| 09/23/2019 | 4 | ATTORNEY Appearance for Plaintiff Mark Fitzhenry by Jonathan Patrick Misny (Misny, Jonathan) (Entered: 09/23/2019) |
| 09/23/2019 | 5 | ATTORNEY Appearance for Plaintiff Mark Fitzhenry by Lauren E. Urban (Urban, Lauren) (Entered: 09/23/2019) |

| | | |
|---|---|---|
| 09/23/2019 | 6 | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (sxb, ) (Entered: 09/23/2019) |
| 09/23/2019 | | SUMMONS Issued as to Defendant GOHEALTH, LLC (mc, ) (Entered: 09/23/2019) |
| 09/23/2019 | 7 | MINUTE entry before the Honorable Edmond E. Chang: Initial status hearing set for 11/08/2019 at 9:30 a.m. The parties must file a joint initial status report with the content described in the attached status report requirements at least 3 business days before the initial status hearing. Plaintiff must still file the report even if not all Defendants have been served or have responded to requests to craft a joint report. read them anew even if counsel has appeared before Judge Chang in other cases. Because the Procedures are occasionally revised, counsel must read them anew even if counsel has appeared before Judge Chang in other cases.Emailed notice (Attachments: # 1 Status Report Requirements) (slb, ) (Entered: 09/23/2019) |
| 10/08/2019 | 8 | SUMMONS Returned Executed by Mark Fitzhenry as to GOHEALTH, LLC on 10/7/2019, answer due 10/28/2019. (Murphy, Brian) (Entered: 10/08/2019) |
| 10/28/2019 | 9 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant GOHEALTH, LLC (Jaszczuk, Martin) (Entered: 10/28/2019) |
| 10/28/2019 | 10 | MEMORANDUM by GOHEALTH, LLC in support of Motion to Dismiss for Failure to State a Claim 9 (Jaszczuk, Martin) (Entered: 10/28/2019) |
| 10/28/2019 | 11 | NOTICE of Motion by Martin Wojslaw Jaszczuk for presentment of Motion to Dismiss for Failure to State a Claim 9 before Honorable Edmond E. Chang on 10/31/2019 at 08:30 AM. (Jaszczuk, Martin) (Entered: 10/28/2019) |
| 10/28/2019 | 12 | ATTORNEY Appearance for Defendant GOHEALTH, LLC by Martin Wojslaw Jaszczuk (Jaszczuk, Martin) (Entered: 10/28/2019) |
| 10/29/2019 | 13 | MINUTE entry before the Honorable Edmond E. Chang:On the Court's own initiative, the hearing time on the motion 9 to dismiss is reset to 9 a.m. on the same date, 10/31/2019. Emailed notice (slb, ) (Entered: 10/29/2019) |
| 10/29/2019 | 14 | ATTORNEY Appearance for Defendant GOHEALTH, LLC by Margaret Marcia Schuchardt (Schuchardt, Margaret) (Entered: 10/29/2019) |
| 10/29/2019 | 15 | ATTORNEY Appearance for Defendant GOHEALTH, LLC by Seth Corthell (Corthell, Seth) (Entered: 10/29/2019) |
| 10/29/2019 | 16 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by GOHEALTH, LLC (Jaszczuk, Martin) (Entered: 10/29/2019) |
| 10/30/2019 | 17 | *First* AMENDED complaint by Mark Fitzhenry, Stewart Abramson against GOHEALTH, LLC (Murphy, Brian) (Entered: 10/30/2019) |
| 10/31/2019 | 18 | MINUTE entry before the Honorable Edmond E. Chang:Status hearing held. Yesterday, Plaintiff filed a First Amended Complaint 17 . Defendant's answer to the First Amended Complaint is due by 11/27/2019. In light of the First Amended Complaint, Defendant's motion to dismiss 9 the original complaint is terminated without prejudice. To assist the defense in evaluating whether to file another motion to dismiss, the Court offered its preliminary assessment of the first motion. In sum, the Court was inclined to deny it as seeking too much evidence (as distinct from factual allegations) at the |

| | | |
|---|---|---|
| 1/27/2019 | 19 | ATTORNEY Appearance for Plaintiffs Stewart Abramson, Mark Fitzhenry by Anthony Paronich (Paronich, Anthony) (Entered: 11/27/2019) |
| 1/27/2019 | 20 | MINUTE entry before the Honorable Edmond E. Chang:On the Court's own initiative, the status hearing at 9 a.m. is reset to 9:30 a.m on the same date, 12/03/2019. Emailed notice (slb, ) (Entered: 11/27/2019) |
| 1/27/2019 | 21 | ANSWER to amended complaint by GOHEALTH, LLC(Jaszczuk, Martin) (Entered: 11/27/2019) |
| 1/27/2019 | 22 | STATUS Report *Joint Status Report* by GOHEALTH, LLC (Schuchardt, Margaret) (Entered: 11/27/2019) |
| 2/03/2019 | 23 | MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. Mandatory Initial Discovery Pilot Project (MID) disclosures due 12/27/2019. The first-round of written discovery requests to fill gaps in the MID disclosures due no later than 02/10/2020. Fact discovery shall close by 09/14/2020. Parties may (and should) begin to issue non-party subpoenas. As stated on the record, the Court would be happy to allow telephone appearances to facilitate FRCP 45(f) transfers of motions to compel compliance with subpoenas. Status hearing set for 03/05/2020 at 9:00 a.m. Mailed notice (mw ) (Entered: 12/03/2019) |
| 2/27/2019 | 24 | NOTICE by GOHEALTH, LLC *of Service of Responses to Mandatory Initial Discovery (MIDP)* (Corthell, Seth) (Entered: 12/27/2019) |
| 2/28/2019 | 25 | NOTICE of Service of Responses to Mandatory Initial Discovery (MIDP) , filed by Plaintiffs Stewart Abramson, Mark Fitzhenry. (Paronich, Anthony) (Entered: 12/28/2019) |
| 01/28/2020 | 26 | *Second* AMENDED complaint by Mark Fitzhenry, Stewart Abramson against GOHEALTH, LLC, QUOGEN, LLC (Paronich, Anthony) (Entered: 01/28/2020) |
| 01/28/2020 | 27 | NOTICE by Stewart Abramson, Mark Fitzhenry re amended complaint 26 (Paronich, Anthony) (Entered: 01/28/2020) |
| 01/29/2020 | | SUMMONS Issued as to Defendant QUOGEN, LLC (jg, ) (Entered: 01/29/2020) |
| 02/03/2020 | 28 | SUMMONS Returned Executed by Mark Fitzhenry, Stewart Abramson as to QUOGEN, LLC on 1/30/2020, answer due 2/20/2020. (Paronich, Anthony) (Entered: 02/03/2020) |
| 02/11/2020 | 29 | ANSWER to amended complaint *filed on January 28, 2020* by GOHEALTH, LLC(Corthell, Seth) (Entered: 02/11/2020) |
| 02/21/2020 | 30 | MOTION by Plaintiffs Stewart Abramson, Mark Fitzhenry to quash *Subpoenas to Verizon* (Attachments: # 1 Exhibit 1 - Subpoena, # 2 Exhibit 2 - Subpoena)(Murphy, Brian) (Entered: 02/21/2020) |
| 02/21/2020 | 31 | NOTICE of Motion by Brian Kevin Murphy for presentment of motion to quash 30 before Honorable Edmond E. Chang on 3/5/2020 at 08:30 AM. (Murphy, Brian) (Entered: 02/21/2020) |
| 02/21/2020 | 32 | ANSWER to second amended complaint by QUOGEN, LLC. (ph, ) (Entered: 02/25/2020) |
| 02/21/2020 | 33 | LETTER from Justin Elenburg dated 2/20/2020. (ph, ) (Entered: 02/25/2020) |
| 02/21/2020 | 34 | PRO SE Appearance by Defendant Justin Elenburg. (ph, ) (Entered: 02/25/2020) |
| 02/25/2020 | 35 | MOTION by Plaintiffs Stewart Abramson, Mark Fitzhenry to strike answer to amended complaint 32 pro se appearance 34 (Paronich, Anthony) (Entered: 02/25/2020) |
| 02/25/2020 | 36 | NOTICE of Motion by Anthony Paronich for presentment of motion to strike 35 before Honorable Edmond E. Chang on 3/5/2020 at 08:30 AM. (Paronich, Anthony) (Entered: 02/25/2020) |

**PACER Service Center**